Jose DIMAS ARCE; et al., Petitioners,

v.

Alberto GONZALES,* Attorney
General, Respondent.

No. 03–74685.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 10, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose Dimas Arce, Costa Mesa, CA, pro se.

Marcela Osorio Arce, Costa Mesa, CA, pro se.

*** This disposition is not appropriate for publication and may not be cited to or by the

Regional Counsel, Western Region, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

## MEMORANDUM ***

Jose Dimas Arce and Marcela Osorio Arce, husband and wife and natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals dismissing their appeal from the Immigration Judge's denial of their application for cancellation of removal.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to demonstrate the requisite "exceptional and extremely unusual hardship" to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

Petitioners contend for the first time in this petition for review that they were denied a full and fair hearing because their counsel never elicited information about their son's alleged medical condition before the BIA. Because petitioners never raised the issue before the BIA, they have failed to exhaust their administrative rem-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

edies as to that claim, and we dismiss their claim. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for a stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED.